James **OWENS**, Plaintiff-Appellant,

v.

Margaret **HECKLER**, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–3693
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 29, 1985.

---

William Byrne Jr., New Orleans, La., for plaintiff-appellant.

John P. Volz, U.S. Atty., Nancy A. Nungesser, Asst. U.S. Atty., New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, GARWOOD, and HILL, Circuit Judges.

CLARK, Chief Judge:

James Owens appeals from a judgment denying his claim for period of disability and social security disability benefits as provided under 42 U.S.C. § 416(i) and § 423. On appeal, Owens complains the record lacks substantial evidence to support the determination that he is not disabled within the meaning of the Social Security Act. After a careful review of the entire record, we find substantial evidence to support the administrative determination that Owens is capable of pursuing gainful activity, and therefore, is not disabled. The decision appealed from is affirmed.

I

Owens was fifty-four years old at the time his alleged disability prevented further employment. He has completed a third grade education, but has successfully tested at the level of a ninth grade education. His past work history includes various unskilled and semi-skilled jobs, often involving bending, stooping and lifting. He has also worked driving a private mail truck, soldering wires, inspecting pipe threads and cleaning cans with a chemical solution, jobs which entail less strenuous physical labor. Owens first injured his back in 1970, but returned to work in 1973. He has been unable to work since August 1975 when he injured his back a second time lifting a heavy pipe.

Owens filed this claim for disability insurance benefits on February 21, 1979, alleging a back injury, a heart condition and high blood pressure. Owens further asserts he suffers constant severe pain in

his lower back, shortness of breath and fatigue. Owens asserts these ailments and accompanying pain have caused him to be disabled and unable to work since August 14, 1975.

## II.

Owens' claim has been the subject of lengthy administrative proceedings. Owens was granted a hearing before an administrative law judge (ALJ) at which he was present and represented by counsel. In addition to medical records and doctors' opinions, the evidence before the ALJ included testimony by Owens and a vocational expert. The ALJ found Owens had the capacity for "light" work activity as defined by social security regulations [1] and could perform the less physical work he had done previously which corresponded to this definition. Therefore, he was not disabled as defined by the Social Security Act and not entitled to benefits. The Appeals Council approved the decision by the ALJ, making it the final decision of the Secretary of Health and Human Services (Secretary).

After exhausting his administrative remedies, Owens sought judicial review. A United States magistrate remanded the case to the Secretary for the limited purpose of reconciling the testimony of the vocational expert which was incompatible with the decision to deny disability, yet was not mentioned in the ALJ's decision. The Secretary remanded the case to the ALJ for further explanation as directed by the magistrate. The ALJ provided additional explanation and again issued a recommended decision denying Owens' claims for social security benefits. The Appeals Council adopted this recommendation, and Owens again sought judicial review of the Secretary's final decision. The district court approved the findings and recommendations of the magistrate and entered summary judgment in favor of the Secretary, dismissing Owens' claim for social security benefits. Thus, Owens has exhausted his administrative remedies and is properly before this court on appeal of a final judgment.

## III.

■ Under the applicable standard of review, the Secretary's findings are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *see Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). The narrow issue before this court, then, is whether substantial evidence supports the Secretary's decision that Owens is not disabled within the meaning of the Social Security Act. Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The elements of proof to be weighed in determining whether substantial evidence exists include: 1) objective medical facts; 2) diagnoses and opinions of treating and examining physicians; 3) claimant's subjective evidence of pain; 4) claimant's educational background, age and work history. *See DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir.1972). Upon reviewing the record, we are satisfied the ALJ considered all of these factors, and that her findings and conclusions are supported by substantial evidence to show Owens is not disabled under the Act, but is capable of performing light gainful activity.

## IV.

Owens raises four issues before this court: A) the ALJ's decision that Owens

---

1. Light work is defined as follows:

 (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

 20 C.F.R. § 404.1567 (1985).

was not disabled is not supported by substantial evidence; B) despite objective medical evidence that substantiated his pain, the ALJ failed to consider severe lower back pain as a serious impairment of Owens' working capacity; C) instead of considering the cumulative effect of his impairments, the ALJ evaluated each impairment individually to conclude Owens was not disabled by any one impairment; D) the ALJ ignored the vocational expert's testimony as irrelevant to her consideration.

Initially, we note Owens' earnings record indicates he last met the special earnings requirement of the Act on December 31, 1977. 42 U.S.C. § 416(i)(3) and § 423(c)(1). Thus, to be eligible for disability benefits, Owens must show he became disabled on or before December 31, 1977, the date his insured status expired. *See Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir.), *cert. denied*, 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979). Any impairment which had its onset or became disabling after the special earnings test was last met cannot serve as the basis for a finding of disability. *Id.*

**A.**

■■■ An examination of the record firmly supports the ALJ's determination that Owens failed to prove a medically determinable disability within the meaning of the Act. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A) and § 423(d)(1)(A). To succeed on a claim for disability benefits, Owens must show an impairment so severe as to incapacitate him from performing *any* substantial gainful activity. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). Thus, while Owens un-

doubtedly suffers some impairment due to back pain and other ailments, *some* impairment does not prove disability. Consequently, there was substantial evidence to show Owens' impairments would permit him to perform work requiring light exertion.

Medical reports and opinions of examining doctors prior to December 31, 1977,[2] indicate Owens suffers from a degenerative spine disease, inconsistently controlled hypertension, and a heart condition known as ventricular hypertrophy. In addition, Owens claimed to be short of breath, easily fatigued, and stricken by constant, and at times severe, back pain. The following objective medical evidence supports the ALJ's conclusion that these impairments do not prevent Owens from performing any gainful activity.

In March 1976, Dr. L.G. Clanton examined Owens and reported only slight limitation of back motion, normal reflexes and no motor or sensory deficits. Examination by Dr. Kenneth E. Vogel, also in March 1976, revealed a mild degree of limitation of motion in the back with mild muscle spasm, but no motor or sensory deficits. In May 1976, Owens was examined by Dr. James T. Williams. Dr. Williams found no significant decrease in back movement, no sensory deficit, no muscle spasm, but mild degenerative changes in the lower back. In Dr. Williams' opinion, there was no orthopedic reason Owens could not return to his former type of employment. In August 1977, x-rays showed normal heart and lungs, but confirmed a mild degenerative disease of the spine. All motor and joint motion were normal, except for continued limitation in back movement. Owens also suffered from high blood pressure. In October 1977, Owens was diagnosed as having hypertensive cardiovascular disease. His blood pressure remains high, but is fairly well controlled by medication.

---

2. The record reflects a significant amount of medical evidence from January 1970 to August 1971 pertaining to Owens' first back injury. This evidence was carefully considered by the ALJ in her recommended decision. However, Owens returned to work some time in 1973. Thus, we find this early medical evidence immaterial to our review of Owens' claimed disability since August 1975.

This objective medical evidence substantially supports the ALJ's conclusion that Owens failed to prove that prior to December 31, 1977 he suffered a severe orthopedic or cardiovascular condition which would preclude all substantial gainful activity for a period of twelve continuous months.

### B.

 The ALJ found Owens' subjective complaints of pain unsubstantiated by objective medical findings, and therefore, not credible. Owens argues pain alone, unsupported by objective evidence, can be a disabling condition, *Dorsey v. Heckler*, 702 F.2d 597, 603 (5th Cir.1983), if linked to a medically determinable impairment. *Benson v. Schweiker*, 652 F.2d 406, 408–09 (5th Cir.1981). Owens argues he has established such a link. He attributes his severe lower back pain to the medically substantiated back injury and degenerative arthritic condition of his spine. He claims a long history of hypertension, exacerbated by strenuous activity, accounts for his precordialgia. Owens claims the ALJ must consider subjective evidence of pain, *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981), especially when corroborated by objectively demonstrable and uncontroverted physical impairments. Failure to consider subjective evidence of pain is reversible error. *Id.* By not doing so, the Secretary acted arbitrarily.

The proper standard for evaluating pain is now provided by statute which reads in pertinent part:

An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability ... there must be medical signs and findings ... which could reasonably be expected to produce the pain or other symptoms alleged.... Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques ... must be considered in reaching a conclusion as to whether the individual is under a disability.

Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460 § 3 (enact-ed Oct. 9, 1984), *reprinted in* 42 U.S.C.A. § 423(d)(5)(A) (West Supp.1985).

The ALJ's decision fully comported with this statutorily dictated standard. The record indicates the ALJ duly considered Owens' subjective complaints of pain:

The claimant alleges that his conditions cause severe pain and functional limitation. The objective medical findings in the record are normally considered not of such severity as to produce severe, incapacitating pain. Moreover, during the period of time in question, the claimant did not take medications which would indicate he suffered severe incapacitating pain. The objective record does not document signs or symptoms of severe, incapacitating pain which persisted over a period of twelve continuous months.... [T]he preponderance of the evidence shows that from August 14, 1975 through December 31, 1977, the claimant suffered at most mild to moderate pain and limitation of normal bodily function. Allegations of constant or frequent severe pain for a period of twelve continuous months are not credible.

This passage indicates the ALJ acknowledged Owens suffered physical impairment that could be painful. However, she found the severity of the pain alleged was not reasonably consistent with the objective medical evidence on record. In her opinion, the medical evidence did not "show the existence of a medical impairment ... which could reasonably be expected to produce the pain or other symptoms alleged...." The ALJ did not credit Owens' testimony concerning constant and severe pain because objective medical support was lacking to show his pain was more severe than normal, and the degree of pain normally associated with Owens' impairments was not of the type likely to cause total disability.

The mere existence of pain is not an automatic ground for obtaining disability benefits. *Jones v. Heckler*, 702 F.2d at 621 n. 4. Subjective evidence will not take precedence over conflicting medical evidence. *Id.* Owens failed to meet his bur-

den. He did not offer additional corroborating proof of his alleged debilitating pain, despite ample opportunity to supplement the record at the close of the hearing. Substantial evidence supports this conclusion.

## C.

■■■ Owens next asserts the ALJ failed to consider the cumulative effect of his impairments, choosing instead to evaluate each disorder individually. We agree that an individual's combined impairments can prohibit substantial gainful activity. See Dillon v. Celebrezze, 345 F.2d 753, 757 (4th Cir.1965). However, we do not find the ALJ "so fragmentized [Owens'] several ailments ... that [s]he failed properly to evaluate their effect in combination upon this claimant." Id. In finding No. 4, the ALJ states specifically that "claimant's impairments, taken singly or in combination, do not meet or equal an impairment as defined in the Listing of Impairments, Appendix 1, Subpart P of Regulation 404." 20 C.F.R. § 404, Appendix 1 (1985) (emphasis supplied).

Our review of the record reveals this is not simply a rote statement; substantial evidence supports the ALJ's conclusion. Owens testified he could stand 15–20 minutes at a time, sit for one hour, walk about one mile, and drive an automobile short distances. His daily activities were limited, but included attending church, doing light yard work, going to the grocery store and caring for his personal needs. He believed he could carry 10 pounds, but not without pain; he had never tried to lift 20 pounds. The ALJ's finding that Owens was not disabled, but able to perform light work as defined by 20 C.F.R. § 404.1567,[3] is consistent with Owens' recitation of his functional capabilities. The ALJ's conclusion is reasonable and supported by substantial evidence.

## D.

■■■ Owens also complains that the ALJ arbitrarily ignored the testimony of the government's vocational expert. Owens' claim was originally remanded by the magistrate for the limited purpose of explaining why the decision was incompatible with the expert's opinion.

On remand, the ALJ explained the expert's opinion was irrelevant because it was based on a hypothetical question composed of assumptions[4] subsequently found unsupported by medical evidence. The hypothetical assumed the existence of Owens' complaints—significant limitation in back movement and moderate pain and discomfort which increased upon exertion. However, on remand the ALJ explained her ultimate findings did not substantiate these subjective complaints of pain and allegations of functional limitation. The ALJ found that Owens "has suffered at most mild to moderate pain and limitation of normal bodily function." Because she found objective medical evidence did not coincide with the hypothetical assumptions posed to the vocational expert, the ALJ reasoned the expert's opinion was immaterial. In light of this explanation, and acknowledging that the findings as to pain and limitation are supported by substantial evidence, we find rejection of the expert testimony reasonable.

---

**3.** See supra note 1.

**4.** The ALJ posed the following hypothetical question:
> ... let us assume that the claimant has back and heart problems and experiences shortness of breath on exertion and has constant moderate back pain, becoming worse on exertion, and has significant limitation in motion of his back ... and he's not able to lift or carry more than 10 pounds or engage in prolonged walking or standing or such strenuous activities as repeated bending or stooping. Considering the claimant's age, education and work experience, is there any type of work in the New Orleans area or in the national economy in which the claimant would be able to engage?

The vocational expert replied:
> I don't think so because of the significant back pain. That, of course, would impair his concentration on any job. The heart trouble, shortness of breath also would impair a person's ability to maintain a full 8-hour a day job.

In the ALJ's opinion, as affirmed by the Secretary and district court, Owens retained the residual functional capacity to perform light work. Furthermore, because Owens had performed light work in the past, he retained the ability to perform his past relevant work. Based upon the record as a whole, including testimony and medical evidence offered at the hearing, we are convinced there was substantial evidence to support these findings and the conclusion that Owens was not disabled within the meaning of the Social Security Act. The judgment appealed from is

AFFIRMED.