Ira JOHNSON

v.

Louis W. SULLIVAN, M.D., Secretary of Health & Human Services.

Civ. A. No. B–89–0235–CA.

United States District Court, E.D. Texas, Beaumont Division.

April 3, 1991.

John Dudley Rutland, Beaumont, Tex., for plaintiff.

Dept. of HHS, Office of the Gen. Counsel, Dallas, Tex., Social Security Admin., Dept. of HHS, Office of the Gen. Counsel, Baltimore, Md., Steven MacArthur Mason, Office of U.S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

The plaintiff, Ira Johnson, filed an application for supplemental security income, based on disability, pursuant to 42 U.S.C. § 405(g). That application was denied initially and on reconsideration. The plaintiff requested and received a hearing before an administrative law judge (ALJ). The ALJ issued an opinion denying the plaintiff disability benefits. Review of the ALJ's decision was declined by the Appeals Council, and so the ALJ's decision became the final decision of the defendant Secretary of Health and Human Services (the Secretary). The plaintiff timely appealed the Secretary's decision to this court.

This court's only role is to determine whether the Secretary's decision is supported by substantial evidence. *Cook v. Heckler*, 750 F.2d 391 (5th Cir.1985). If the court finds the Secretary's decision is supported by substantial evidence, the decision must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Included in the evidence considered may be medical reports, testimony by vocational experts, and the observations made by the ALJ of the plaintiff during the hearing.

The evidence is considered in an evaluation process set forth in the regulations governing Social Security disability benefits. This process contains five steps, which must be taken sequentially. First, is the claimant currently working? Second, does the claimant have a severe impairment? Third, does the claimant's impairment meet or equal an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? Fourth, does the impairment prevent the claimant from doing past relevant work? And fifth, does the impairment prevent the claimant from doing any other work available in the national economy? 20 C.F.R. § 404.1520. A negative answer at any step mandates a finding the claimant is not disabled, and the evaluation ends.

In this case, the Secretary's decision proceeded through all five steps. The finding that the plaintiff was not disabled was made based on a determination that the plaintiff's impairment did not prevent him from doing other work available in the national economy. The court finds this holding is supported by substantial evidence.

There is no dispute as to the ALJ's first four findings. The plaintiff was not working, had sustained a back injury, and was unable to perform his past relevant work as a truck driver (R. 15). The only dispute is whether the plaintiff's subjective assertions of pain are sufficient to find there is no other work he can do. An individual's statement of pain is not alone enough to support a finding of disabling pain. *Hollis v. Bowen*, 837 F.2d 1378 (5th Cir.1988). The individual's statement must be supported by objective medical evidence, showing conditions which could reasonably be expected to cause the pain alleged. *Owens v. Heckler*, 770 F.2d 1276 (5th Cir.1985).

In this case, the ALJ correctly found that the objective medical evidence did not support the plaintiff's allegations of pain (R. 15). Objective findings indicate the plaintiff's condition was improving following surgery on his back (R. 168, 174). A consultative examination indicated the plaintiff could perform sedentary work (R. 163–65). The medical evidence does not support the plaintiff's claim he was unable to do even sedentary work because of pain.

The ALJ's finding that the plaintiff's testimony regarding pain was not credible is supported by substantial evidence. The

ALJ's reliance on the testimony of the vocational expert regarding sedentary jobs available in the national economy was appropriate.

The Secretary's decision not to award disability benefits is supported by substantial evidence. The defendant's motion for summary judgment is GRANTED. The plaintiff's motion for summary judgment is DENIED.