**Daniel W. CULLIVAN**

v.

**Donna SHALALA, Secretary of Health and Human Services.**

No. 1:93–CV–336.

United States District Court, E.D. Texas, Beaumont Division.

April 25, 1995.

Social Security Admin., Dept. of HHS, Office of the General Counsel, Baltimore, MD, Steven MacArthur Mason, Asst. U.S. Atty., Tyler, TX, Office of the General Counsel, Dept. of HHS, Dallas, TX, for defendant.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

SCHELL, Chief Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Secretary of Health and Human Services denying plaintiff's applications for disability insurance benefits.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

SIGNED this 24th day of April, 1995.

### FINAL JUDGMENT

This action came on before the Court, Honorable Richard A. Schell, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that plaintiff take nothing, the decision of the Secretary of Health and Human Services is **AFFIRMED**, and this case is **DISMISSED**.

SIGNED this 24th day of April, 1995.

John Dudley Rutland, Beaumont, TX, for plaintiff.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

### I. *Introduction*

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's applications for disability insurance benefits ("DIB"). Plaintiff claims disability due to degenerative disc disease. He now contests the Secretary's decision by asserting that the Administrative Law Judge ("ALJ") erred in finding that plaintiff was not disabled.

This case has been referred to the undersigned United States magistrate judge for review, hearing if deemed necessary, and submission of a report with recommended findings and conclusions. *See* 28 U.S.C. § 636(b)(1)(B) and the Local Rules for the Assignment of Duties to United States Magistrates. For the reasons discussed below, it is the magistrate judge's recommendation that the ALJ's finding be affirmed.

### A. Judicial Review

■ The limited role of the court on judicial review is to determine whether the Secretary applied the proper standards in reaching his decision, and whether the Secretary's decisions are supported by substantial evidence. *Lovelace v. Bowen,* 813 F.2d 55, 57 (5th Cir.1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Marcello v. Bowen,* 803 F.2d 851 (5th Cir.1986) (citing *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983)).

■ A determination as to whether there is substantial evidence in the entire record to support the fact findings or decision of the Secretary, as the trier of facts, does not involve reweighing the evidence, or trying the issues *de novo,* or substituting the judgment of the court for that of the Secretary. *Neal v. Bowen,* 829 F.2d 528, 530 (5th Cir.1987); *Chaparro v. Bowen,* 815 F.2d 1008, 1010 (5th Cir.1987); *Milam v. Bowen,* 782 F.2d 1284, 1286 (5th Cir.1986). Rather, this court must "scrutinize the record in its entirety to determine whether substantial evidence supports the Secretary's findings." *Ransom v. Heckler,* 715 F.2d 989, 992 (5th Cir.1983). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *See Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216–217, 83 L.Ed. 126 (1938)).

■ The elements of proof to be weighed in determining whether substantial evidence exists include: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain; and (4) claimant's educational background, age, and work history. *Owens v. Heckler,* 770 F.2d 1276, 1279 (5th Cir.1985) (citing *DePaepe v. Richardson,* 464 F.2d 92, 94 (5th Cir.1972)).

The standard for judicial review is the same for both DIB and Supplemental Security Income ("SSI") cases (42 U.S.C. §§ 405(g) and 1383(c)(3) (1982)). We, therefore, rely on DIB cases, as well as SSI cases without distinction. *Lovelace,* 813 F.2d at 57–58; *Strickland v. Harris,* 615 F.2d 1103, 1105–06 (5th Cir.1980).

■ Upon finding substantial evidence, the court may only review whether the Secretary has applied proper legal standards and conducted the proceedings consistently with the statute and regulations. *Bormey v. Schweiker,* 695 F.2d 164, 168 (5th Cir.1983), *cert. denied,* 462 U.S. 1121, 103 S.Ct. 3091, 77 L.Ed.2d 1351 (1983).

### B. Eligibility for Disability Insurance Benefits

To qualify for disability insurance benefits, the plaintiff must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C. §§ 416(i), 423. Those claiming disability insurance benefits under the Social Security Act have the burden of proving their disability. *Demandre v. Califano,*

591 F.2d 1088 (5th Cir.1979), *cert. denied,* 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979); *Rhynes v. Califano,* 586 F.2d 388 (5th Cir.1978); *Kirkland v. Weinberger,* 480 F.2d 46 (5th Cir.1973), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973).

Establishment of a disability is a two-step process. First, plaintiffs must prove that they suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C.A. § 423(d)(1)(A). Physical or mental impairment means "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable, clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Second, plaintiffs must prove that an impairment renders them unable to engage either in the work they previously performed or other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

 Consequently, proof of the existence of a disease or an impairment, by itself, does not establish a disability. The plaintiff must also show preclusion from engaging in any substantial gainful employment. *Herridge v. Richardson,* 464 F.2d 198 (5th Cir. 1972); *Ratliff v. Richardson,* 445 F.2d 440 (5th Cir.1971). Title 42 U.S.C. § 423(d)(2) provides in part that one's physical or mental impairment must be of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, a specified job vacancy exists for him, or he would be hired if he applied for work. The burden is a heavy one, so stringent that it has been described as "bordering on the unrealistic." *Oldham v. Schweiker,* 660 F.2d 1078, 1083 (5th Cir.1981).

## C. Exhaustion of Administrative Remedies

### (1) General Requirements

The administrative steps which a social security disability claimant must exhaust before bringing suit in federal district court are summarized by the Fifth Circuit as follows:

> The Secretary has established a regulatory system for administrative review, leading up to final decision that may then be appealed to the district court. The process is begun when an individual files a claim with the SSA for benefits. This claim is either granted or denied, creating an initial determination. *See* 20 C.F.R. §§ 416.1404 to 416.1405. Next, the claimant must file for and receive a request for reconsideration. *See generally* 20 C.F.R. §§ 416.1407 to 416.1422. The Secretary reviews the claim again, and then issues a reconsidered determination. 20 C.F.R. § 416.1420. After obtaining the initial and reconsidered determinations, a dissatisfied claimant may file for an evidentiary hearing before an ALJ. *See generally* 20 C.F.R. §§ 416.1429 to 416.1468. If the claimant still objects to the decision, he or she may appeal the ALJ's determination to the Appeals Council. *See generally* 20 C.F.R. §§ 416.1467 to 416.1483. The decision rendered at the initial, reconsideration, and ALJ stage is binding on the claimant unless further administrative review with the Appeals Council is sought within 60 days. These four steps exhaust the claimant's administrative remedies.

> Following this exhaustion of the administrative remedies with a final decision being rendered by the Appeals Council, judicial review may be sought in the district court. 20 C.F.R. §§ 416.1400 and 416.1481. *See also Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192, 201 (1977) ("Section 205(g) clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'"). Although a decision rendered on a claim at each stage of the proceedings is final and binding on the parties unless they proceed to the next step in the process, the regulatory scheme provides that a "final decision" allowing judicial appeal is rendered by the Secretary for the purposes of section 205(g) of the Social Security Act when the Appeals Council either reviews or de-

nies review of the ALJ's decision. *See* 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.1481. After such a "final decision," the claimant has 60 days in which to file for judicial review of the decision or else it is binding. 20 C.F.R. § 416.1481.

*Harper v. Bowen,* 813 F.2d 737, 739 (5th Cir.1987), *cert. denied,* 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987).

### (2) Proceedings in This Case

Plaintiff filed his application for disability benefits on September 4, 1991. He alleged disability since March 25, 1991, due to a herniated disc and corresponding disc disease.

Plaintiff's application was denied administratively, both initially and on reconsideration, after a physician and a disability examiner evaluated the evidence and determined that plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 72–85).

Dissatisfied with those determinations, plaintiff requested that an ALJ consider his claim *de novo.* Plaintiff's request was granted, and on February 10, 1993, the ALJ conducted a full hearing. Plaintiff appeared with counsel and testified. (Tr. 43). The ALJ issued a recommended decision on May 10, 1993, finding that plaintiff was not disabled under the Social Security Act, and denying his claim for social security benefits. The ALJ found plaintiff has residual functional capacity to perform sedentary work.[1]

Plaintiff thereafter sought review of the recommended decision before the Appeals Council. The Appeals Council denied the request for review on July 22, 1993. Therefore, the decision of the ALJ became the final decision of the Secretary. Plaintiff now seeks judicial review.

No issue of failure to exhaust administrative remedies having been raised by defendant, and none being apparent from a review of the entire record, plaintiff has standing to pursue this action for judicial review.

**1.** Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like files, ledgers, and small tools. Although a sedentary job is defined as *one*

### II. The Evidentiary Record

#### A. Age, Education & Work Experience

Plaintiff, born January 28, 1955, was thirty-nine years old at the time of his hearing. (Tr. 37). He has a twelfth grade education. (Tr. 38). His work experience consists of work as a truck driver and a maintenance mechanic on hydraulic pumps. (Tr. 38–40). He last worked on March 25, 1991. (Tr. 41).

#### B. The Medical Evidence

Plaintiff injured his back while adjusting a tarp on an eighteen-wheel truck he was driving for work. The incident leading to his injury occurred on March 25, 1991. (Tr. 56).

James Willis, M.D., of the Manske Sheffield Radiology Group, P.A., of Port Arthur, Texas examined plaintiff on March 26. No fractures or other significant damage was found to plaintiff's back.

On June 11, 1991, plaintiff sought another medical opinion because the therapy he was receiving at the radiology group appeared to be enhancing his pain. Jerry W. Biddix, M.D., examined plaintiff for pain radiating down his right lower extremity. A magnetic resonance imaging test ("MRI") was performed and a herniated disc with pressure on the thecal sac was discovered. (Tr. 132).

In August, 1991, plaintiff was placed in a back brace by Gerald L. Davis, M.D., an orthopaedic physician, who replaced Dr. Biddix in the group practice plaintiff visited. (Tr. 129–30). Dr. Davis noted marked degeneration of one disc with a posterior protrusion on the right. Dr. Davis wrote, "I think he is going to have to be either retrained in a sedentary type work or acknowledge that he isn't going back to light/heavy labor." (Tr. 129). Dr. Davis recommended surgery if the pain became too much to bear, but an examining physician for plaintiff's insurance plan refused to certify plaintiff as a surgical candidate.

In February of 1992, Dr. Davis noted plaintiff was seriously considering corrective surgery for his back trouble. At this time

*which involves sitting,* a certain amount of walking and standing is often necessary in carrying out job duties. 20 C.F.R. § 404.1567(a). (emphasis added).

Dr. Davis wrote, "He is 100 percent functionally disabled from work." (Tr. 120). Dr. Davis further documented plaintiff had a herniated disc, muscle spasms in the left paralumbar side, and right lower leg pain. (Tr. 120).

In June 1992, Dr. Davis wrote only that plaintiff was "permanently disabled from light and heavy work." (Tr. 118). The right leg was documented as the most symptomatic of plaintiff's ailment, with significant radicular discomfort." (Tr. 119). On October 29, 1992, Dr. Joseph A. George, M.D., another private examining physician, noted plaintiff's increasingly slow gait and the use of a cane for mobility. He listed his impression as degenerative disc disease. He reported finding spasms and tenderness with decreases in flexibility and pain.

Plaintiff's pain continues to be documented. In November of 1992, Dr. Davis prescribed plaintiff Darvocet, Soma, and Elevil, all pain medications. (Tr. 140).

### C. Plaintiff's Testimony Concerning His Subjective Complaints

Plaintiff testified he had fallen from the truck on March 25, 1991, and had sought medical assistance. He stated he experiences pain in the right hip and leg at the same time. The pain in his back lasts throughout the day and night. He said medication helps relieve some of the pain. (Tr. 46). He testified he experiences aches and pains when assisting his wife with household chores such as cooking or washing dishes. (Tr. 47). He said he would be able to lift a ten to fifteen pound weight (Tr. 48) and stand for about thirty to forty-five minutes. (Tr. 49). Plaintiff further stated he drove from Houston to Beaumont for the hearing, a distance of approximately ninety-four miles, and experienced some pain.

Plaintiff clarified his desire for surgery, stating Dr. Davis had recommended it and they were merely awaiting insurance approval.

### III. The Secretary's Decision

### A. Sequential Evaluation Process

The Secretary's regulations require a five-step sequential evaluation process for disability determinations. 20 C.F.R. § 404.1520 (1986). *First:* Is the plaintiff currently engaging in substantial gainful activity? (If so, a finding of nondisability is required to be made and the inquiry ends.) *Second:* Does the plaintiff have a severe impairment or combination of impairments? (If not, a finding of nondisability is required and the inquiry ends.) *Third:* Does the severe impairment meet or equal those in the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 (1986)? (If so, disability is presumed and benefits are awarded.) *Fourth:* Does the impairment prevent the performance of the plaintiff's regular previous employment? (If it does, then a prima facie case of disability is established and the burden of going forward with the evidence shifts to the Secretary.) *Chaparro,* 815 F.2d at 1010. *Fifth:* Is there work in the national economy which the plaintiff can perform? (If the Secretary shows that the plaintiff can perform alternative employment, the burden then shifts back to the claimant to show he or she cannot perform the alternative labor. *Id.; Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir.1986)).

### B. The Administrative Law Judge's Decision

After considering the evidence of record, the ALJ concluded at the fifth sequential step that plaintiff had residual functional capacity to perform sedentary work. The ALJ's findings were:

STEP 1: The claimant has not engaged in substantial gainful activity since March 25, 1991. (Tr. 24, Finding 1, 2).

STEP 2: The medical evidence establishes that claimant has severe degenerative disc disease in the lumbar sacral spine. (Tr. 24, Finding 3).

STEP 3: The claimant does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 24).

STEP 4: The claimant was incapable of performing his past relevant work activity. (Tr. 25, Finding 6).

STEP 5: The claimant has the residual functional capacity to perform sedentary work. (Tr. 25, Finding 7).

## IV. Discussion

### (1) Prima Facie Case

■ Plaintiff has the burden of establishing disability by a preponderance of the evidence. Once plaintiff establishes a prima facie case by showing an inability to perform relevant previous employment, the burden shifts to the Secretary to show that plaintiff can perform other substantial gainful employment and that such employment exists in the national economy.

■ To rebut a prima facie case, the Secretary must come forward with particularized proof of plaintiff's individual capacity to perform alternate work considering plaintiff's age, education, and background, as well as the job requirements. Alternatively, in certain instances the Secretary is entitled to rely on the medical-vocational guidelines (the "grids") to rebut plaintiff's prima facie case of disability. 20 C.F.R. Subpart P, Appendix 2 (1986).

### (2) Combination of Impairments

■ The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must analyze both the "disabling effect of each of the plaintiff's ailments" and the "combined effect of all of these impairments." *Fraga v. Bowen,* 810 F.2d 1296, 1305 (5th Cir.1987) quoting *Dellolio v. Heckler,* 705 F.2d 123, 128 (5th Cir. 1983).

### A. Application of the Rules to This Case

Plaintiff disputes the ALJ's decision and advances the following points of error:

(1) The Secretary's decision was not supported by substantial evidence.

(2) The ALJ failed to consider the record as a whole and improperly construed evidence in regard to the claim Listing 1.05(c).

(3) The ALJ failed to properly consider plaintiff's testimonial remarks.

Each of these objections is discussed, *infra,* with the first two contentions combined.

### a. The Secretary's decision is supported by substantial evidence.

Plaintiff's contention in this regard is that his back impairment satisfies the criteria of section 1.05 of the Appendix 1 listings. Section 1.05(c) requires proof of a herniated disc or similar spinal lesion, "[w]ith both 1 and 2:

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

20 C.F.R. Pt. 404, Subpt. P, app. 1, § 1.05(C) (1994).

■ This language is clear. Plaintiff must satisfy *both* criteria to be considered disabled under this criteria. While he has pain, there is no evidence of sensory or motor loss. Furthermore, plaintiff notes Dr. Davis stated, "His physical impairment with his radiculitis, limited range of motion, and his herniated disc is 20 per cent of his body." (Tr. 146). This singular statement fails to satisfy all the elements of the second criteria, and does not overcome other evidence supporting the ALJ's decision. Clearly, substantial evidence is present on this point.

■ Further, the record, *as a whole,* was considered and leads to the conclusion that plaintiff can perform sedentary work. Dr. Davis noted on two occasions that plaintiff could not perform "light and heavy work," and it stands to reason that when Dr. Davis wrote in a singular report paragraph in February 1992, "He is not going to be able to return to light and heavy work ... He is 100 per cent functionally disabled from work," he was referring to light and heavy type activities. Sedentary work has never been precluded by plaintiff's physician or otherwise. Consequently, the evidence was properly construed and the whole record considered.

### b. The ALJ properly considered plaintiff's testimonial remarks.

■ Subjective evidence of pain testified to by a plaintiff must be considered. *Parfait v. Bowen,* 803 F.2d 810, 813 (5th Cir.1986);

*Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir.1981). Amendments to the social security statute require, however, that a plaintiff's statements concerning pain be corroborated by objective medical evidence. 42 U.S.C. § 423(d)(5)(A).

The Act essentially codifies the regulation, § 404.1529, and provides:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability ...; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged.

42 U.S.C. § 423(d)(5)(A); *Hampton v. Bowen*, 785 F.2d 1308, 1309 (5th Cir.1986).

■ While pain can be a disabling condition, *Cook v. Heckler*, 750 F.2d 391, 395 (5th Cir.1985), not all pain is disabling. *Carry v. Heckler*, 750 F.2d 479, 485 (5th Cir.1985). The fact that a plaintiff cannot work without some pain or discomfort will not render him or her disabled. *Barajas v. Heckler*, 738 F.2d 641, 644 (5th Cir.1984). A plaintiff's allegations of pain must be evaluated against the other evidence in the record. *Laffoon v. Califano*, 558 F.2d 253, 255 (5th Cir.1977).

The statutory provision for evaluating subjective allegations of pain in social security disability cases was enacted as part of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, *codified at* 42 U.S.C. § 423(d)(5)(A), applies to all disability determinations made by the Secretary prior to January 1, 1987. Pub.L. No. 98–460, § 3(a)(3), 98 Stat. 1799. The Regulations are codified at 20 C.F.R. §§ 404.1529 and 416.929. *See Owens*, 770 F.2d at 1281.

■ The task of determining whether pain is disabling falls, in the first instance, within the discretion of the ALJ whose decision on severity is entitled to considerable deference. An absence of objective factors indicating the existence of severe pain—such as limitations in the range of motion, muscular atrophy, weight loss, or impairment of general nutrition—can itself justify the ALJ's conclusion. *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir.1988). A resolution of conflicts between the subjective evidence and the medical evidence should depend upon the ALJ's evaluation of the credibility of the claimant's complaints of pain. *Id.*

In this Circuit, pain, in and of itself, can be a disabling condition under the Act, but only when it is constant, unremitting, and wholly unresponsive to therapeutic treatment. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988).

■ While it may be within the discretion of an ALJ to determine the disabling nature of pain subjectively asserted by the claimant when the medical evidence is inconclusive, the ALJ's unfavorable credibility evaluation will not be upheld on judicial review where the uncontroverted medical evidence shows a basis for complaints of pain. The ALJ must weigh the objective medical evidence and articulate reasons for discrediting a claimant's subjective complaints of pain. *Abshire v. Bowen*, 848 F.2d 638 (5th Cir. 1988) (citing *Cook v. Heckler*, 750 F.2d 391, 395 (5th Cir.1985)). Failure to consider subjective evidence of pain is reversible error. *Owens*, 770 F.2d at 1281.

The ALJ in this case evaluated and rejected plaintiff's subjective complaints. (Tr. 23–24). Therefore, there can be no argument the ALJ failed to consider plaintiff's complaints. However, the issue here is whether the ALJ properly rejected plaintiff's comments regarding the extent of his pain.

■ Plaintiff testified he was able to sit for one and one-half hours before needing to stretch his legs. He stated he could stand for up to forty-five minutes at a time. Sedentary work, by definition, requires between six and eight hours of sitting. However, six to eight hours of *constant* sitting is not required. When plaintiff experienced pain at the hearing, he asked for "a minute" to stand, because his legs "they just feel like they go numb, and then they will come back." This would indicate that plaintiff could sit for moderate intervals, given the opportunity to occasionally stretch.

**578**

Furthermore, the ALJ wrote in the decision that

> [c]laimant stated he cooks and washes dishes around the house, watches television, helps feed the dogs, drives to his wife's job, takes her food to eat, reads, watches videos, and exercises his legs on the floor. These activities appear to be consistent with his ability to perform sedentary work.

(Tr. 23).

These comments show the ALJ had a reasoned basis for concluding plaintiff's testimonial remarks contributed to the residual capacity finding.

This court's limited role is to determine whether the ALJ's decision was supported by substantial evidence, that is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. This is not a difficult standard for defendant to meet. In light of the "bordering on unrealistic" standard the court must apply in evaluating these decisions, a review of the total record reveals that the Secretary has offered substantial evidence that plaintiff is able to perform some kind of substantial gainful activity.

### Recommendation

The decision of the Secretary should be affirmed.

### Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985);

*Rodriguez v. Bowen*, 857 F.2d 275, 276–277 (5th Cir.1988).