IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50449
Summary Calendar
_____

CHARLES GARDNER,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI,
ACTING COMMISSIONER OF SOCIAL SECURITY,[1]

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(SA-98-CV-850)
--------------------
June 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[**]

Plaintiff-Appellant Charles Gardner appeals the district court's affirmance of the Social Security Commissioner's denial of supplemental security income and disability insurance benefits. He first avers that the district court erred in finding that it did not have jurisdiction to address two of his claims that were not

_____

[1] Larry G. Massanari has replaced Kenneth S. Apfel as acting Commissioner of Social Security and is therefore substituted in accordance with Fed. R. App. P. 43(c)(2).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raised in his request for review to the Appeals Council. Gardner is correct.

The Supreme Court in <u>Sims v. Apfel</u>, 530 U.S. 103, 112 (2000), held that to preserve issues for judicial review, a claimant who has exhausted his administrative remedies is not also required to exhaust issues in a request for review by the Appeals Council. Accordingly, we have jurisdiction to review Gardner's claims brought for the first time before the district court.

Gardner asserts that the Administrative Law Judge (ALJ) erred in (1) failing to accord proper weight to testimony of Gardner's mother and to Gardner's claims of indigency and fear of surgery, when the ALJ assessed credibility; (2) failing to consider all of Gardner's impairments; and (3) posing an inadequate hypothetical question to the vocational expert (VE). Appellate review of the Commissioner's denial of benefits is limited to determining whether (1) proper legal standards were used to evaluate the evidence; and (2) the decision is supported by substantial evidence. <u>Villa v. Sullivan</u>, 895 F.2d 1019, 1021 (5th Cir. 1990).

We reject Gardner's challenge to the ALJ's credibility determinations. "'The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has an opportunity to observe whether a person seems to be disabled.'" <u>Harrell v. Bowen</u>, 862 F.2d 471, 480 (5th Cir. 1988)(citation omitted).

A review of the ALJ's decision reveals that he considered Gardner's subjective complaints of pain and limitations and found

2

that his testimony was not credible when compared to the medical evidence. We will not disturb the ALJ's credibility determinations. Harrell, 862 F.2d at 480.

We also reject Gardner's complaint that the ALJ failed to accord proper weight to the testimony of Gardner's mother. Even though it would have been preferable for the ALJ to comment directly on the testimony of Gardner's mother, any error in failing to do so was harmless. "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected." Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988). The ALJ's failure to comment directly on the testimony of Gardner's mother, which was essentially duplicative of Gardner's own testimony, did not affect Gardner's substantial rights.

Gardner's argument that the ALJ failed to consider all of his impairments in the disability determination is belied by the record. "[I]n making a determination as to disability, the ALJ must analyze both the 'disabling effect of each of the claimant's ailments' and the 'combined effect of all of these impairments.'" Fraga v. Bowen, 810 F.2d 1296, 1305 (5th Cir. 1987). When the ALJ undertakes this analysis to determine whether the claimant's impairments meet or equal an impairment listed in Appendix 1 of the Regulations, the general requirement to consider the claimant's impairments in combination is satisfied. See Owens v. Heckler, 770 F.2d 1276, 1282 (5th Cir. 1985). The ALJ determined that, despite Gardner's suffering from severe herniated discs, an adjustment

3

disorder with a depressed mood, borderline intellectual functioning, and mild asthma, he did "not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1." This finding was sufficient under <u>Owens</u> to satisfy the requirement that the claimant's impairments be considered in combination.

We likewise reject Gardner's challenge to the hypothetical question posed to the VE. The hypothetical question that an ALJ poses to a VE need only incorporate the disabilities that the ALJ recognizes. <u>Bowling v. Shalala</u>, 36 F.3d 431, 435(5th Cir. 1994); <u>Morris v. Bowen</u>, 864 F.2d 333, 336 (5th Cir. 1988). If the ALJ's hypothetical example omits a recognized limitation but "the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question)," there is no reversible error. <u>Bowling</u>, 36 F.3d at 436

Gardner does not dispute that his non-attorney representative was allowed to cross-examine the VE regarding the ALJ's hypothetical question. Thus, even assuming, <u>arguendo</u>, that the ALJ's hypothetical question was deficient in the respects urged on appeal, affording Gardner's representative an opportunity to correct any perceived deficiencies precludes a finding of reversible error. <u>See</u> <u>id</u>.

4

Inasmuch as Gardner has failed to show that the Commissioner's decision was not based on the proper legal standards or that it was not supported by substantial evidence, the decision of the district court affirming the Commissioner's denial of benefits is AFFIRMED.

S:\OPINIONS\UNPUB\00\00-50449.0
5/25/01  11:05 AM

5