[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11982
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00052-MCR-CAS


MELISSA STONE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 8, 2015)



Before MARCUS, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Melissa Stone appeals the district court's order affirming the Social Security Commissioner's ("Commissioner") denial of her applications for disability insurance benefits ("DIB") and supplemental social security income ("SSI") benefits.  On appeal, she argues that the Administrative Law Judge ("ALJ") erred by not incorporating the answer to one of the hypotheticals he posed to the vocational expert ("VE") when determining that, considering Stone's age, education, work experience, and residual functioning capacity ("RFC"), jobs existed in the national economy that she could perform.

In Social Security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review the Commissioner's legal conclusions *de novo* and consider whether the Commissioner's factual findings are supported by substantial evidence.  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  We "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."

2

*Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation and alteration omitted).

An individual claiming Social Security disability benefits must prove that she is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202-03. Unlike SSI, which has no insured-status requirement, a claimant seeking DIB must demonstrate disability on or before the last date on which she was insured, to be eligible for benefits. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

"Disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A person will be found disabled only if her impairments are so severe that they prevent her from engaging in any kind of substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Social Security regulations establish a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must

3

determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a VE. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

The Fifth Circuit has held that it was reasonable for an ALJ to reject expert testimony where the objective medical evidence ultimately did not coincide with the hypothetical assumptions posed to the VE. *See Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). The Ninth Circuit also has held that an ALJ was free to accept or reject restrictions in a hypothetical question that were not supported by substantial evidence, even when the hypothetical was posited by the ALJ and not counsel. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

4

The claimant bears the burden of proving that she is disabled, and, thus, is responsible for producing evidence to support her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The Commissioner, however, has a limited burden at step five to show that a significant number of jobs exist that a claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

We may not reweigh evidence; and more than a "mere scintilla" of evidence supports the ALJ's conclusion that jobs existed in significant numbers in the national economy that Stone could perform, even accounting for her mental health limitations. *See Dyer*, 395 F.3d at 1210; *Lewis*, 125 F.3d at 1440. The ALJ reasonably rejected VE testimony when the hypothetical was not supported by the record's medical evidence. *See Owens*, 770 F.2d at 1282; *Osenbrock*, 240 F.3d at 1164-65. The ALJ's determination that there were jobs in the national economy that Stone could perform is supported by substantial evidence.

**AFFIRMED.**

5