# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2022

No. 21-30771

Lyle W. Cayce
Clerk

Gwendolyn J. Allen,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, Acting Commissioner of Social
Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CV-1468

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Gwendolyn Allen appeals from the judgment of the district court, which affirmed the Acting Commissioner of Social Security's determination that Allen was not entitled to disability insurance benefits. The judgment below is AFFIRMED.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30771

In April 2019, Allen applied for disability insurance benefits under Title II of the Social Security Act. She sought benefits for the time period between January 20, 2018, her alleged disability onset date, and March 31, 2019, when her insured status expired. Allen argues that she suffers from three impairments that together entitle her to benefits: asthma, hypothyroidism, and depression.

The Social Security Administration denied her application. Allen requested and received a hearing, which was held by an Administrative Law Judge ("ALJ") in June 2020.

The ALJ confirmed the denial of benefits in a written decision, following the steps established by the Social Security Administration for determining whether an individual is entitled to disability benefits. *See* 20 C.F.R. § 404.1520(a). This involved four inquiries. The ALJ evaluated whether Allen (1) was engaged in substantial gainful activity, (2) had a severe impairment, (3) had an impairment that automatically qualifies as a disability, and (4) was able to do the work she had previously done.

The ALJ made two determinations that are contested here. First, he found that Allen's impairments were not medically equal to the impairments that automatically qualify as disabilities, listed in 20 C.F.R. pt. 404, subpt. P, app. 1 ("listed impairments"). Second, he found that Allen had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), and could still perform the tasks required in jobs she had previously held, such as working as a dictating machine transcriber, hospital admitting clerk, or administrative clerk. Consequently, he concluded that Allen did not qualify for benefits.

Allen failed to overturn the ALJ's decision in subsequent proceedings. Allen sought review by the Appeals Council, but they denied her request. She then filed a complaint in the district court. After reviewing the record

and briefs from both parties, a magistrate judge recommended that the district court uphold the ALJ's decision. The district court did so, and Allen timely appealed to this court.

The "standard of review of social security disability claims is exceedingly deferential" to the Commissioner. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). Two inquiries govern judicial review of such cases: "whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). And the claimant bears the burden of proving her disability at each part of the four-step inquiry at issue here. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The ALJ's determination that Allen's impairments were not medically equal to the listed impairments was supported by substantial evidence and used the proper legal standard. Allen argues that the ALJ failed to compare the results of her pulmonary function studies with the height and age chart contained at § 3.03 of the Appendix. This is incorrect; the ALJ explicitly cited § 3.03 in concluding that Allen's condition was not equal to a listed impairment. For a person of Allen's age and height, the chart requires a FEV1 of 1.55 or less for asthma to be considered disabling. Allen's FEV1 is 1.93. She offers no other reason to dispute that the "evidence in the record does not establish that the claimant's impairment(s) meets or equals the severity" of any listed impairments.

The ALJ's determination regarding Allen's RFC is also supported by substantial evidence. Allen offers four reasons that the RFC finding is deficient: (1) the ALJ never explained how Allen could keep to a regular

schedule of light work given her frequent need to use an inhaler and self-medicate; (2) relatedly, the ALJ misunderstood the medical evidence because he did not consider her need to self-medicate with a portable nebulizer to place a limit on workplace activities; (3) the ALJ did not establish that Allen would not be off-task fifteen percent of the time, which a vocational expert testified would generally render someone in Allen's position unemployable; and (4) this court's precedents establish that Allen's medical assessments were insufficient to support the RFC finding.

None of these arguments presents positive evidence that Allen is incapable of performing light work. This is crucial because Allen, not the ALJ, bears the burden of proof at this step of the inquiry. *Leggett*, 67 F.3d at 564. But none of her arguments show that she is incapable of doing light work; she merely contends that the ALJ has not shown that the reverse is true.

To Allen's first argument, the ALJ had substantial evidence that Allen's medical regimen would not prevent her from doing light work. She drove a car, went shopping, made beds, did laundry, prepared simple meals, and attended to her personal hygiene. Such activities are consistent with an RFC of light work. *See Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985) (affirming an RFC of light work where the claimant attended church, did light yard work, went to the grocery store and cared for his personal needs). And, as the Magistrate Judge's Report explained, the use of an inhaler or nebulizer does not generally bar users from keeping a regular work schedule.

Second, the medical professionals who examined Allen never limited her from participating in all workplace activities. Contrary to Allen's arguments, a prescription for an inhaler or medication—even with an instruction to "use as needed"—is not a limit on the patient's scope of activity. It simply permits the user to take the medication when necessary.

The dearth of medical restrictions on Allen's work activities further supports the ALJ's conclusion.

Third, the ALJ was under no obligation to prove that Allen would stay on task at least 85% of the time. Allen bore of the burden of proving that her condition prevented her from regularly attending to work activities. *Leggett*, 67 F.3d at 564. As it is, the facts do not support Allen's position. In addition to the evidence mentioned above, Allen's treatment history shows that her physicians usually diagnosed her with mild or moderate asthma. Further, the medical experts who reviewed Allen's case both concluded that she was capable of light work.[1]

Finally, this court's precedent does not conflict with the ALJ's decision. Allen analogizes her case to this court's decision in *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995). The two cases are dissimilar. In that case, no medical professional had evaluated the effect of the claimant's back condition on his ability to work. Here, two medical experts have evaluated Allen's disability claim. While it is true that neither doctor examined Allen personally, their reports nevertheless assisted the ALJ in evaluating the severity of Allen's condition. Moreover, as *Ripley* noted, "[t]he absence of [a medical record] statement . . . does not, in itself, make the record incomplete. . . . where no medical statement has been provided, our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." 67 F.3d at 557. Taken as a whole, the record furnishes substantial evidence for the ALJ's decision.

---

[1] In a scrivener's error, the ALJ stated that one of the medical experts, Dr. Yoshida, had found Allen capable of sedentary work. In fact, Dr. Yoshida found that Allen was capable of occasionally lifting or carrying 20 pounds, frequently lifting or carrying 10 pounds, standing or walking for up to six hours, and sitting for up to six hours. This means that she meets the requirements for light work. 20 C.F.R. § 404.1567(b).

No. 21-30771

For these reasons, the judgment of the district court is AFFIRMED.