**Felicitas BARAJAS, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellee.**

**No. 83–1875**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 21, 1984.

Steven J. Pickell, Tex. Rural Legal Aid, Inc., Kerrville, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., Mark D. McBride, Asst. U.S. Atty., Lubbock, Tex., Thomas Stanton, Dallas, Tex., for defendant-appellee.

Before REAVLEY, RANDALL and JOHNSON, Circuit Judges.

PER CURIAM:

Felicitas Barajas appeals the decision of the district court affirming the Secretary of Health and Human Services' denial of her claim for Supplemental Security Income. Finding the decision supported by substantial evidence, we affirm.

### I. Statement of the Case

Barajas, a 62-year-old woman with an eighth grade education, worked as a maid and housekeeper in private homes for 25 years. She alleges that she is now disabled as a result of rheumatoid arthritis, which causes pain in her joints, and because of the consequences of surgery in 1980 for an acute perforated appendicitis, surgery for a hernia in 1981, and high blood pressure. The administrative law judge (ALJ) found that none of these impairments was severe enough to warrant a finding of disability under the Social Security Act. He there-fore denied her claim for benefits and the district court affirmed.

### II. Discussion

Barajas argues two points of error on appeal: (A) that the ALJ erred in concluding that the impairment was not severe; and (B) that the ALJ failed to give adequate weight to the opinions of Barajas' treating physicians.

### A. Severity of the Impairment

In determining whether a claimant is eligible for Supplemental Security Income, the Secretary must follow a sequential process of evaluation specified by the regulations. *Lofton v. Schweiker,* 653 F.2d 215, 217 (5th Cir.1981). The regulations provide "a set order to determine whether you are disabled. We review any current work activity, the severity of your impairment(s), your residual functional capacity and your age, education, and work experience. If we can find that you are disabled or not disabled at any point in the review, we do not review further." 20 C.F.R. § 416.920(a)(1983). Having determined that Barajas' impairment was not severe, the Secretary need not have considered whether she was capable of performing other types of work. *See also Id.* § 416.920(c).

The sole question is whether the ALJ properly determined that Barajas' impairment was not severe. The regulations provide: "If you do not have any impairment(s) which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled." *Id.* The regulations define a non-severe impairment as one that "does not significantly limit your physical or mental abilities to do basic work activities." *Id.* § 416.921(a). Basic work activities are defined as "the abilities and aptitude necessary to do most jobs."[1] *Id.* § 416.921(b).

---

1. Examples of basic work activities include:
   (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
   (2) Capacities for seeing, hearing, and speaking;
   (3) Understanding, carrying out, and remembering simple instructions;
   (4) Use of judgment;
   (5) Responding appropriately to supervision, co-workers and usual work situations; and

Barajas argues that this standard is different from a determination of severity under the list of impairments in 20 C.F.R. Part 404, Subp. P, App. 1, § 4.00(C), used as the standard of evaluation by the district court, which states:

Hypertensive vascular disease does not result in severe impairment unless it causes severe damage to one or more of four end organs: heart, brain, kidneys, or eyes (retinae). The presence of such damage must be established by appropriate abnormal physical signs and laboratory findings as specified in 4.02 or 4.04, or for the body system involved.

We agree. The appendix relied upon by the district court is a listing of "per se disabilities" and should be used only if the claimant has satisfied the Secretary that her impairment is severe. *Chico v. Schweiker,* 710 F.2d 947, 951 (2nd Cir. 1983). *See* 20 C.F.R. §§ 404.1525(a), 416.-920(d). The Secretary apparently concedes that Section 416.921(b) is the proper standard, having cited this section in her brief as the proper definition of a non-severe impairment.

We nonetheless find the district court's error to be immaterial to our decision. The ALJ cited and followed Section 416.921(b) as the proper standard of evaluation. We must uphold his findings if they are supported by substantial evidence. *Chaney v. Califano,* 588 F.2d 958, 959 (5th Cir.1979). We find that they are. Barajas failed to demonstrate under section 411.-921(b) that her impairments significantly limit her physical or mental abilities to do work activities. Her high blood pressure may be controlled by medication. Although her appendectomy constituted a severe impairment for a time, it did not last for a continuous twelve-month period. She had surgery for a hernia in 1981, but this produced no incapacitating results.

Barajas does suffer from rheumatoid arthritis, which causes mild swelling in

her joints and mild limitation of motion in her hands, wrists, elbows, and shoulders. Nonetheless, a physical-capacities evaluation showed that she could sit from four to eight hours a day, walk or stand two hours a day, lift up to ten pounds frequently, use her hands for simple grasping and fine manipulations, but not in pushing and pulling arm controls, and occasionally bend and reach. This evidence is sufficient to substantiate the ALJ's finding that Barajas' arthritis was not severe enough to be disabling under the Social Security Act.[2]

The ALJ also considered her complaints of pain from the arthritis and found them not to be credible. While the ALJ must consider subjective evidence of pain, *De Paepe v. Richardson,* 464 F.2d 92, 94 (5th Cir.1972), it is clear that not all pain is disabling. *Laffoon v. Califano,* 558 F.2d 253, 255 (5th Cir.1977). There is no evidence of severe, continuous pain such as weight loss or local musculoskeletal or neurological impairment to support her contention of constant, debilitating pain. *See Jones v. Heckler,* 702 F.2d 616, 622 (5th Cir.1983). The ALJ had the opportunity to observe Barajas' demeanor and found her to be in no acute distress. It is within his discretion to determine the disabling nature of pain. *Id.*

B. Weight Assigned to the Reports of Treating Physicians

Barajas argues that the testimony of her treating physicians that she was totally disabled was not given adequate consideration by the ALJ, and that, consequently, his decision is not supported by substantial evidence. The opinions, diagnosis, and medical evidence of a treating physician whose familiarities with the patient's injuries, treatment, and responses over a length of time, should be accorded considerable weight. *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir.1981). D.E. Owensby, M.D. stated in 1979:

---

(6) Dealing with changes in a routine work setting.
20 C.F.R. § 416.921(b).

**2.** The proper weight to be accorded this evidence is discussed in the next section.

This patient had a 'stroke' about 5 years ago and cannot hold her head straight; has *extremely* poor vision; has hyperthyroidism, hypertension, hypertensive cardiovascular disease, arthritis, obesity and very poor oral hygiene in addition to third degree procidentia (dropped bladder, womb, and rectum) and she has been permanently and totally *disabled* for 3 to 5 years.

(emphasis and quotations in original). It is clear that this diagnosis was based on impairments, such as the "stroke," which were not explained or made the basis of the application for benefits. J.B. Brame, M.D., stated in 1980 that Barajas had "moderate to severe arthritic changes" and hypertension which were under "only fair control" with medication. He made no conclusion as to disability. Dr. Brame's evaluation was consistent with the findings of the examining physician for the Secretary that Barajas has moderate rheumatoid arthritis, aggravated by obesity, that could be "helped with the use of anti-inflammatory agents as well as analgesics and appropriate physical therapy." Thus the ALJ could reasonably have concluded that Barajas' impairment was moderate, not severe. Furthermore, only the examining physician conducted a physical-capacities evaluation, from which he concluded that Barajas' impairments did not prevent her from performing basic work activities.

It is within the administrative law judge's discretion to resolve issues of conflicting evidence. *Jones v. Heckler,* 702 F.2d at 621. While it would have been helpful to our review if the ALJ had stated his reasons for rejecting the conclusions of the treating physicians, it was not reversible error not to do so. The ALJ made a credible choice after reviewing all the relevant evidence. A statement made by a treating physician that a claimant is disabled does not mean that the claimant is disabled for purposes of the Social Security Act; that conclusion may be determined only by the Secretary. *See* 20 C.F.R. § 416.927.

AFFIRMED.