**Abraham L. PARFAIT,
Plaintiff-Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary, Department of Health and Human Resources, Defendant-Appellee.**

No. 86–3145
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1986.

Robert B. Keaty, Kerry E. Shields, New Orleans, La., William N. Gee, III, Lafayette, La., for plaintiff-appellant.

John Volz, U.S. Atty., Nancy A. Nungesser, Asst. U.S. Atty., New Orleans, La., Joseph B. Liken, Dallas, Tex., for defendant-appellee.

Before GEE, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The appellant, Abraham Parfait, appeals from the district court's grant of summary judgment in favor of the Secretary of Health and Human Services, affirming the Secretary's finding that Parfait is not disabled within the meaning of the Social Security Act. Because Parfait's appeal is based on a magistrate's factual findings that he did not contest below, his appeal is barred by *Nettles v. Wainwright,* and the judgment of the district court is affirmed.

I

Parfait was born on December 6, 1944. He has a sixth-grade education. His prior work experience includes positions as an oil field worker, tug boat captain and shrimp boat worker. He has no special vocational training. Parfait suffered injuries to his left ankle and lower back at work when he caught his foot in a winch and was thrown to the floor. Since the injury, he has been examined by various doctors for his impairments.

Parfait was admitted to Terrebone General Hospital on August 29, 1983, shortly after his accident. He was operated on to

repair a severe fracture sublaxation of the distal tibia and ankle, and was released from the hospital on September 6, 1983. Parfait's physician examined him at the end of September 1983 and stated that at the time, Parfait was totally disabled.

Dr. Kenneth Adetto examined Parfait on September 29, 1983, and evaluated Parfait's back pain, concluding that treatment for the pain should be postponed until Parfait was off crutches. Parfait's injury was examined by Dr. Claude Williams on December 2, 1983. Dr. Williams found that Parfait should not return to weight-bearing activities because his fracture had not had time to completely heal. Dr. Williams concluded that at the time of the examination, Parfait was not capable of working, and that it would be several months before he would be fully rehabilitated.

At the request of the Secretary, Dr. A.D. Walker examined Parfait on December 9, 1983. Dr. Walker examined both Parfait's ankle and back, and concluded that at least three additional months treatment would be required before the ankle fracture would "reach solid union." Dr. Walker considered Parfait completely disabled from performing any work activities other than sedentary work.

Dr. R.C. Llewelyn examined Parfait on December 12, 1983, and concluded that it would be four to six months before Parfait's ankle reached full rehabilitation. Dr. Llewelyn also recommended further diagnostic testing of Parfait's lumbar spine. After a January 1984 CT scan had shown some problem with his lumbar spine, Parfait entered the hospital under the care of Dr. Llewelyn in February for treatment. After conservative treatment failed to alleviate the pain, Dr. Llewelyn performed a discectomy and foraminotomy. Dr. Llewelyn believed that Parfait would have an eighty-five percent recovery within four to six months but concluded that Parfait was "100% functionally disabled for jumping, climbing, or repetitive heavy lifting of objects 25 pounds or more...." The most recent medical reports in the record are dated June 1984 (the ALJ hearing took place on August 15, 1984), and they indicate that Parfait's fracture had healed and that the hardware on his leg and ankle had been removed.

At the administrative hearing Parfait testified that he is bothered by leg, ankle and back pain. The only medication he takes is valium for his nerves. He spends most of his time in bed watching television. He does no yard or housework. He testified that he can walk about a block and sit for about fifteen minutes.

## II

Abraham Parfait filed an application for disability benefits on November 3, 1983, alleging that he became unable to work on August 28, 1983, because of the severe injury to his left foot and ankle as well as a spinal condition affecting his hip and leg. His application was denied initially and upon reconsideration by the Social Security Administration. Parfait then requested a *de novo* review of his claim by an administrative law judge ("ALJ"). A full hearing before an ALJ was held on August 15, 1984. Parfait and his attorney were both present. After considering the evidence, the ALJ issued a decision denying Parfait's claim for disability benefits. The Appeals Council concluded that there was no basis for changing the ALJ's decision, and the ALJ's decision became the final decision of the Secretary. Parfait then sought judicial review of the Secretary's decision in federal district court under 42 U.S.C. § 405(g). The district court referred the matter to a magistrate who found that the Secretary's decision was supported by substantial evidence and recommended dismissal of Parfait's suit. He advised the parties of the ten-day deadline for objecting to his findings and recommendation, pursuant to *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). No objection was filed and the district court adopted the proposed findings and recommendation, entering a judgment of dismissal with prejudice on January 30, 1986. Parfait appeals.

## III

In *Nettles v. Wainwright,* the Fifth Circuit held that a properly notified party who fails, pursuant to 28 U.S.C. § 636(b)(1), to make a written objection within ten days to proposed findings and recommendations in a magistrate's report may not attack findings of fact adopted by the district court on appeal except on grounds of "plain error," or "manifest injustice." *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (en banc).

The court in *Nettles* explained its rationale as follows: "We will not sit idly by and observe the 'sandbagging' of district judges when an appellant fails to object to a magistrate's report in the district court and then undertakes to raise his objections for the first time in this court." *Id.* at 410. In this case the magistrate properly notified both parties of the requirements of the *Nettles v. Wainwright* holding, advising that written objections to his report should be filed within ten days. Yet Parfait failed to file a timely objection and the district court, noting the lack of objections, followed the magistrate's recommendation and dismissed the appellant's case. Now, for the first time, Parfait challenges the magistrate's factual findings. The magistrate found that substantial evidence supported the Secretary's determination that Parfait was not disabled within the meaning of the Social Security Act. Parfait's belated challenge to the factual findings is exactly the sort of procedural leapfrogging that the *Nettles v. Wainwright* holding was meant to discourage. Absent "plain error" or "manifest injustice," the district court must be affirmed.

But Parfait does not argue that these circumstances are present here, nor could they be, because substantial evidence supports the Secretary's determination that Parfait was not disabled.

■ In this case, the ALJ determined that Parfait had the residual functional capacity to perform sedentary work.[1] Given Parfait's age, education and work experience (these facts are not in dispute), the ALJ applied Rule 201.25 in Table 1 of 20 C.F.R. 404, Appendix 2, Subpart P (1985), which directed a decision of not disabled.

Parfait does not dispute the findings as to his age, education and work experience, and substantial evidence supports the ALJ's finding that he could do sedentary work. While Parfait points on appeal to objective findings of disability, the record shows no physician considered him disabled to the point of being unable to do even sedentary work for a continuous twelve-month period. As Parfait acknowledges, Dr. Walker who examined him in December 1983, considered him capable of performing sedentary work. Dr. Llewelyn, who treated Parfait for his back problem, concluded in his post-surgery March 1 report that Parfait was capable of doing sedentary work. While Parfait's foot and ankle were operated on in August 1983, all examining doctors thought that the injury would heal in a few months, and the record discloses that Parfait's condition improved after the August 1983 surgery and until the hardware was removed from his ankle and leg in June 1984.

■ Parfait also complained at the hearing of pain in his foot, leg and back. While subjective evidence of pain testified to by a claimant must be considered, *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir.1981), the amendments to the Social Security statute require that the claimant's statements as to pain be corroborated by objective medical evidence. 42 U.S.C. § 423(d)(5)(A) (West Supp.1985). In the light of the fact that medical findings indicated that Parfait could do sedentary work, that he took only Valium for his nerves and no other medication, and that he was able to drive and walk for short distances, the ALJ's finding that Parfait's complaints of incapacity and severe pain were not supported by credible medical evidence is am-

---

**1.** The regulations define "sedentary work" as work which involves sitting, with only occasional standing or walking, lifting no more than ten pounds, and occasionally carrying small articles. 20 C.F.R. § 404.1567(a) (1985).

ply supported by the record, especially since there is no contrary medical evidence on Parfait's part.

■ Since substantial evidence supports the Secretary's determination that Parfait is not disabled, no plain error or manifest injustice would result from affirming the district court's dismissal of Parfait's claim. Accordingly, the judgment of the district court is affirmed because the appellant failed to comply with the *Nettles v. Wainwright* rule after being properly noticed.

AFFIRMED.