Pedro TAMEZ, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health & Human Services, Defendant–Appellee.

No. 89–1404
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 13, 1989.

Rehearing Denied Nov. 6, 1989.

Gilbert Rodriguez, West Texas Legal Services, Abilene, Tex., William Kimble, West Texas Legal Services, Ft. Worth, Tex., for plaintiff-appellant.

Joseph B. Liken, Asst. Regional Counsel, U.S. Dept. of HHS, Marvin Collins, U.S. Atty., Dallas, Tex., for defendant-appellee.

Before WILLIAMS, SMITH and DUHE, Circuit Judges.

DUHE, Circuit Judge.

This is an appeal from a denial of Supplemental Security Income benefits. We affirm.

Pedro Tamez is a 49 year-old male who suffers from diabetes mellitus and spondylolisthesis (anterior movement of a lumbar vertebra). The Administrative Law Judge found that Tamez was capable of light work and, based on Rules 202.16 and 202.-17, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1988), that he was not disabled.

On review of a final decision of the Secretary we inquire whether substantial evidence supports the Secretary's decision and whether the Secretary applied the proper legal standards in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir.1988).

Tamez states that the ALJ erroneously found he was capable of light work, and that under Rule 201.17 of the Medical–Vocational Guidelines a claimant with Tamez' profile who is limited to sedentary work is deemed disabled. Tamez argues that light work assumes " 'an ability to stand and walk at least 6 hours in an 8–hour work day,' " *Lawler v. Heckler*, 761 F.2d 195, 198 (5th Cir.1985) (quoting the *Dictionary of Occupational Titles*), and that substantial limitations restrain Tamez from meeting these requirements.

The medical evidence generally shows that Tamez experiences certain limitations related to his impairments. None of the evidence, however, indicates that he is incapable of performing light work. Dr. Murtha, Tamez' treating physician, reported that Tamez complained of a numbness on the left side that was probably caused by high blood sugar. Dr. Ramachandran, the consultative physician, reported that Tamez walked with a limp and could not bend down to touch his toes, squat down and stand up, or walk on his heels or toes. Tamez complained of back pain radiating down into his legs and, during the hearing before the ALJ, revealed that he had an ingrown toenail. The medical evidence submitted to the Appeals Council after the

decision of the ALJ[1] showed that circulation changes in the feet and ankles were improved, and that Tamez exhibited peripheral diabetic neuropathy, diabetic dermopathy, background retinopathy, and impotency with diabetic neuritis.

In short, unlike the facts in *Lawler*, the facts in the present case do not show that Tamez is incapable of standing and walking at least 6 hours in an 8-hour day. On the contrary, the ALJ correctly noted that Tamez' ordinary physical activity—driving, picking up around the house, sweeping, doing yard work, occasional car repairs, and doing dishes—was consistent with the ability to perform light work. The ALJ's finding that Tamez was capable of light work is therefore supported by substantial evidence, and the ALJ correctly applied the Medical–Vocational Guidelines to determine that Tamez was not disabled.

Tamez next argues that the ALJ erred in finding that his diabetes was remediable in view of the fact that he was financially unable to purchase diabetes medication. If a claimant cannot afford a prescribed treatment, an otherwise remediable condition may be deemed disabling. *Wingo v. Bowen*, 852 F.2d 827, 831 n. 3 (5th Cir.1988); *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir.1987); *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir.1986). The record contains no evidence, however, that Tamez' diabetes is disabling on account of an inability to pay for treatment. The sole evidence touching on the issue is a Reconsideration Disability Report, prepared in December 1986, indicating that Tamez did not have the money to fill a prescription for Micronase. The record contains no further mention of Tamez' ability to pay for diabetes treatment.[2] Accordingly, we see no reason to conclude that Tamez is unable to afford the prescribed treatment for his diabetes simply on the ground that he was unable to pay for a single prescription in 1986.

Tamez next argues that the ALJ did not consider his impairments in combination or give substantial weight to the findings of the treating doctor, and that the decision of the Secretary is therefore not supported by substantial evidence. The ALJ did, however, consider the impairments in combination, and his statement to that effect is not, as Tamez asserts, merely a rote recital. We concluded above that substantial evidence supported the finding that Tamez was capable of light work. The ALJ's finding regarding impairments in combination was therefore not simply a formulaic cant but was properly based on an evaluation of Tamez' functional capabilities. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir.1985). With regard to the weight to be accorded the findings of a treating doctor, Tamez has failed to point out what medical information provided by a treating doctor, if given its proper weight, would support a finding of disability.

AFFIRMED.

---

**1.** Dr. Murtha reported in January 1988 that, in his opinion, Tamez was "disabled due to diabetic circulatory changes." This statement, of course, does not mean that Tamez is disabled for purposes of the Social Security Act. *Barajas v. Heckler*, 738 F.2d 641, 645 (5th Cir.1984); 20 C.F.R. § 416.927 (1988).

**2.** Tamez argues that an entry in Dr. Murtha's notes—"[Tamez] hasn't been taking his Diabanese for 3 or 4 months"—indicates that Tamez could not afford treatment. The entry seems only to say, however, that Tamez was not taking his diabetes medication.