Ester M. **FERGUSON**

v.

**SECRETARY OF HHS.**

No. 9:94–CV–205.

United States District Court,
E.D. Texas,
Lufkin Division.

Feb. 2, 1996.

Forrest Gene Braselton, Law Offices of Forrest G. Braselton, Nacogdoches, TX, for Ester M. Ferguson.

Steven MacArthur Mason, Asst. U.S. Attorney, U.S. Attorney's Office, Tyler, TX, for Donna E. Shalala, Secretary H.H.S.

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Secretary of Health and Human Services denying plaintiff's application for disability insurance benefits.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

### I. Introduction

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff claims disability due to arthritis of the hands, feet, and various joints. She contests the Commissioner's decision by asserting that the Administrative Law Judge (ALJ) erred in finding her not disabled.

This case has been referred to the undersigned United States Magistrate Judge for review, hearing if deemed necessary, and submission of a report with recommended findings and conclusions. *See* 28 U.S.C. § 636(b)(1)(B) and the Local Rules for the Assignment of Duties to United States Magistrate Judges. For reasons discussed below, the court should affirm the Commissioner's decision.

### A. Proceedings in this Case [1]

Plaintiff filed her application for disability benefits on November 18, 1992, alleging the inability to work beginning July 10, 1992. The application was denied initially and on reconsideration. Plaintiff then timely filed a request for a hearing for *de novo* consideration by an Administrative Law Judge. Plaintiff's request was granted, and on February 9, 1994 a hearing was held before an ALJ in Nacogdoches, Texas. Plaintiff appeared in person and testified after being informed of and voluntarily waiving her right to counsel. On May 15, 1994, the ALJ issued his decision denying benefits, and plaintiff timely filed within 60 days for review by the Appeals Council. The Appeals Council denied review of the ALJ's disposition on August 24, 1994. The decision of the ALJ therefore became the final decision of the Commissioner, and this action in the district court seeking judicial review was thereafter timely commenced.

### II. Judicial Review

■ The limited role of the court is to determine whether the Commissioner applied

---

1. For a thorough review of the various steps that must be exhausted administratively before suit may be brought in federal court, see *Harper v.*

*Bowen,* 813 F.2d 737, 739 (5th Cir.), *cert. denied,* 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987).

the proper legal standards, and whether the Commissioner's decision is supported by substantial evidence. *Anthony v. Sullivan,* 954 F.2d 289, 292 (5th Cir.1992); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir.1990); *Tamez v. Sullivan,* 888 F.2d 334, 335 (5th Cir. 1989); *Lovelace v. Bowen,* 813 F.2d 55, 57 (5th Cir.1987). Substantial evidence is evidence which amounts to more than a scintilla but which can be less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Marcello v. Bowen,* 803 F.2d 851, 853 (5th Cir.1986) (*citing Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983)); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ A determination as to whether there is substantial evidence in the entire record to support the fact findings or decision of the Commissioner, as the trier of fact, does not involve reweighing the evidence or trying the issues *de novo.* The court is precluded from substituting its own judgment for that of the Commissioner. *Neal v. Bowen,* 829 F.2d 528, 530 (5th Cir.1987); *Chaparro v. Bowen,* 815 F.2d 1008, 1010 (5th Cir.1987); *Milam v. Bowen,* 782 F.2d 1284, 1286 (5th Cir.1986). The Commissioner, not the courts, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carry v. Heckler,* 750 F.2d 479, 482 (5th Cir.1985); *Allen v. Schweiker,* 642 F.2d 799, 801 (5th Cir.1981). The court's role is to "scrutinize the record in its entirety to determine whether substantial evidence supports" the Commissioner's findings. *Ransom v. Heckler,* 715 F.2d 989, 992 (5th Cir.1983). If supported by substantial evidence, the Commissioners findings are deemed conclusive, and the court must accept them. *See Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971); (*quoting Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). In sum, "the role of the courts in this quintessentially administrative process is extremely narrow." *Lewis v. Weinberger,* 515 F.2d 584, 586 (5th Cir.1975).

■ Elements of proof to be weighed in determining whether substantial evidence exists include: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain; (4) claimant's educational background, age, and work history. *Owens v. Heckler,* 770 F.2d 1276, 1279 (5th Cir.1985) (*citing DePaepe v. Richardson,* 464 F.2d 92, 94 (5th Cir.1972)). The central debate in this appeal involves the second and third of these elements.

### III. Eligibility for Disability Insurance Benefits

■ To qualify for disability insurance benefits, the plaintiff must meet certain insured status requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C.A. §§ 416(i), 423. Those claiming disability insurance benefits under the Social Security Act have the burden of proving their disability. *Demandre v. Califano,* 591 F.2d 1088 (5th Cir.), *cert. denied,* 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979); *Rhynes v. Califano,* 586 F.2d 388 (5th Cir.1978); *Kirkland v. Weinberger,* 480 F.2d 46 (5th Cir.1973), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973).

Establishment of a disability is a two-step process. First, plaintiff must prove that she suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C.A. § 423(d)(1)(A). Physical or mental impairment means "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable, clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Second, plaintiff must prove that that impairment renders her unable to engage either in the work she previously performed or other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

■ Consequently, proof of the existence of a disease or an impairment, by itself, does not establish a disability. Plaintiff must also show preclusion from engaging in any

substantial gainful employment. *Herridge v. Richardson,* 464 F.2d 198 (5th Cir.1972); *Ratliff v. Richardson,* 445 F.2d 440 (5th Cir. 1971). Title 42 U.S.C. § 423(d)(2) provides that one's physical or mental impairment must be of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, whether a specified job vacancy exists for her, or whether she would be hired if she applied for work. Thus the social security claimant faces an extremely tough hurdle; "[t]he burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker,* 660 F.2d 1078, 1083 (5th Cir. 1981); *Williams v. Finch,* 440 F.2d 613, 615 (5th Cir.1971).

**A. The Commissioner's Five–Step Sequential Evaluation Process**

■ The regulations require a five-step sequential evaluation process for disability determinations. 20 C.F.R. § 404.1520 (1986). Plaintiff bears the burden of proof on the first four steps. *Chaparro v. Bowen,* 815 F.2d 1008, 1010 (5th Cir.1987); *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir.1986); *Johnson v. Heckler,* 769 F.2d 1202, 1210 (7th Cir.1985), *vacated on other grounds sub nom. Bowen v. Johnson,* 482 U.S. 922, 107 S.Ct. 3202, 96 L.Ed.2d 690 (1987). *First:* Is the plaintiff currently engaging in substantial gainful activity? (If so, a finding of nondisability is required to be made and the inquiry ends.) *Second:* Does the plaintiff have a severe impairment or combination of impairments? (If not, a finding of nondisability is required and the inquiry ends.) *Third:* Does the severe impairment meet or equal those in the Listing of Impairments, 20 C.F.R. § 404 Subpart P, Appendix 1 (1986)? (If so, disability is presumed and benefits are awarded.) *Fourth:* Does the impairment prevent the performance of the plaintiff's regular previous employment? (If it does, then a *prima facie* case of disability is established and the burden of going forward with the evidence shifts to the Commissioner.)

*Chaparro v. Bowen,* 815 F.2d 1008, 1010 (5th Cir.1987). *Fifth:* Is there work in the national economy which the plaintiff can perform? (If the Commissioner shows that the plaintiff can perform alternative employment, the burden then shifts back to the claimant to show he or she cannot perform the alternative labor. *Id.; Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir.1986)).

## IV. Discussion

### A. The Commissioner's Decision

The ALJ found that plaintiff suffers from severe ailments. Upon consideration of the medical evidence, he found that she suffers from severe rheumatoid arthritis with peripheral polyarthropathy and moderate obesity. Yet the ALJ ruled plaintiff did not establish a *prima facie* showing of disability because the evidence failed to demonstrate that plaintiff is incapable of performing her past work.

### B. Plaintiff's Prior Work

Plaintiff was employed for twenty years at Moore Business Forms in Nacogdoches, Texas, a company that makes business forms. At her ALJ hearing plaintiff described the sequence of activities that made up a typical work day. First she would key in orders on the computer for an hour to an hour and a half. She would then go downstairs and gather the negatives and other "repeat materials" necessary for filling the order. Then she would return to her desk upstairs, fill out envelopes for mailing the repeat materials, and mail them to the appropriate factories. She would then return downstairs and file repeat material. Completion of this task often the required the use of a small stepladder. Finally, she would return to her desk and process other paperwork. Plaintiff estimates that the job typically did not require more than 2 hours of sitting per day. The remaining part of her eight-hour work days consisted of time spent walking or standing. The job involved no heavy lifting.

The ALJ characterized plaintiff's former work as "light work," and this characteriza-

tion has not been challenged on appeal.[2]

### C. The Parties' Contentions

#### 1. Plaintiff's Contentions

Plaintiff proffers two bases for reversal of the final administrative disposition, each designed to show that there is not substantial evidence in the record to support the ALJ's determination that plaintiff's impairments do not prevent her from resuming her past work. Plaintiff first argues that the ALJ did not give proper weight to opinions of her treating physicians. The opinions on which plaintiff relies are found in three statements. The first is contained in a six sentence December 22, 1992 letter from Dr. Martin Lidsky, a Houston rheumatologist, to plaintiff's employer: "On October 31, 1992 Mrs. Ferguson manifested signs of definite inflammatory peripheral polyarthropathy. The arthropathy involves her right hand, left knee, right ankle, and both feet. *At that time, Mrs. Ferguson's peripheral arthritis prevented her from carrying out her gainful employment.*" · (emphasis added). The next treating physician statement is in a one paragraph December 31, 1992 letter from Dr. Philip LaBarbera, the general practitioner who referred plaintiff to Dr. Lidsky, to the Texas Rehabilitation Commission. That letter reads in part: "[Mrs. Ferguson] was referred to Dr. Lidsky ..., [who] started her on Methotrexate. She has had some improvement from the Methotrexate *but is unable to do her normal work.*" (emphasis added). The final statement is contained in an "Office Consultation Report" drafted by Dr. Lidsky after an office visit by plaintiff on March 6, 1993. The final sentence of that single page document reads: "[Mrs. Ferguson's] inflam-

matory joint disease continues to prevent her from pursuing her gainful employment."

Plaintiff's second ground is in the nature of an argument that the ALJ did not give proper weight to her allegations of pain.[3] She complains of arthritic joints, particularly her elbows, hands, fingers, and feet and of pain and fatigue brought on by long periods of sitting. She asserts that these pains preclude her from resuming her prior work.

#### 2. Defendant's Contentions

The Commissioner argues that the treating physician opinions on which plaintiff relies spoke only of plaintiff's condition during an earlier discrete period of time concurrent with her application for benefits, and should not be read to imply diagnoses of permanent inability to return to prior work. Alternatively, the Commissioner argues that the medical opinions are not entitled to the traditional weight accorded treating physician opinions because they are brief, conclusory, contrary to the other evidence, and lacking in support in the form of medically acceptable clinical or laboratory diagnostic techniques.

With respect to plaintiff's complaints of pain, the Commissioner argues that the ALJ properly discounted this testimony because no medical condition was documented that is consistent with the degree of pain alleged and because plaintiff's testimony regarding her daily activities conflicted with her testimony regarding pain.

### D. Analysis

#### 1. Treating Physicians

Read in context, the three physician statements suggest a temporary inability to return to work, contemporaneous with the time

---

**2.** Light work is defined as:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we

determine that he 'or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
20 C.F.R. § 404.1567.

**3.** The caption in plaintiff's brief at the start of the second argument reads "There Is No Substantial Evidence Indicating Plaintiff Can Return to Her Past Relevant Work," although this seems a more appropriate overall heading for both of plaintiff's arguments.

plaintiff filed for disability benefits. Nevertheless, even if the statements are accurately read as suggesting a permanent inability to return to work, the ALJ expressed proper reasons for discounting these statements.

 As a general rule, the Commissioner must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the plaintiff's treating physician. *Fruge v. Harris,* 631 F.2d 1244 (5th Cir.1980). In *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir. 1981), the court held that "[i]t is not only legally relevant, but unquestionably logical that the opinions diagnoses and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time should be given considerable weight." Yet, a treating physician's statement that the plaintiff is disabled is not determinative of the ultimate issue. *Warncke v. Harris,* 619 F.2d 412 (5th Cir. 1980). *See Barajas v. Heckler,* 738 F.2d 641, 645 (5th Cir.1984).

 The ALJ must determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly. *Moore v. Sullivan,* 919 F.2d 901, 905 (5th Cir.1990). Though the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ should reject the opinion of any physician when the evidence supports a contrary conclusion. *Spellman v. Shalala,* 1 F.3d 357, 364–65 (5th Cir.1993); *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir.1987); *see also Milam v. Bowen,* 782 F.2d 1284, 1287 (5th Cir.1986) (treating physician's determination that plaintiff was disabled may be rejected by ALJ when contrary to the opinions of other treating physicians and in conflict to the objective medical evidence). The ALJ may also reject a physician opinion when it is brief, conclusory, or not supported by medically acceptable clinical or laboratory diagnostic techniques. 20 C.F.R. § 404.1527(d)(2). Finally, it must be remembered that the typical treating physician is not an expert in the field of Social

Security Act jurisprudence; thus, when such a person utilizes the term "disabled," or other similar terms, such usage probably carries with it a connotation at variance with the connotation implicit in the Act. For example, oftentimes a physician will use the term "disabled" as it is used in a state worker's compensation scheme. *See, e.g., Coria v. Heckler,* 750 F.2d 245, 247 (3d Cir.1984); *Gray v. Chater,* 903 F.Supp. 293, 299 (N.D.N.Y.1995); *Winston v. Heckler,* 585 F.Supp. 362, 367 (D.N.J.1984). Because physicians generally define "disability in a manner distinct from the Social Security Act," the ALJ should reject the physician's determination of disability as determinative on the ultimate issue. *Tamez v. Sullivan,* 888 F.2d 334, 336 n. 1 (5th Cir.1989); *Milam,* 782 F.2d at 1287–88; *Barajas v. Heckler,* 738 F.2d 641, 644–45 (5th Cir.1984); *Sullivan v. Weinberger,* 493 F.2d 855, 862 (5th Cir.1974), *cert. denied,* 421 U.S. 967, 95 S.Ct. 1958, 44 L.Ed.2d 455 (1975).

Two of the three statements upon which plaintiff seeks to rely do not appear to be formal diagnoses, but rather informal statements in letters. All three are brief and fairly conclusory. Moreover, the ALJ evaluating plaintiff's application for disability benefits found the substance of these statements to be against the great weight of the evidence. The ALJ announced at least four reasons for rejecting the physicians' assertions that plaintiff was unable to resume her prior work. First, the record was replete with references to the plaintiff's daily activities, which are consistent with light work.[4] Second, none of plaintiff's physicians ever restricted her activities after the alleged onset date of her impairment. Third, her family physician failed to detect any motor, sensory, or reflexive abnormalities. Fourth, there was no indication that plaintiff's moderate obesity precluded light work. The court determines that the ALJ, having highlighted these four manners in which the evidence was inconsistent with the doctors' findings of inability to return to work, acted within the bounds of his discretion in giving less weight to the three physician statements.

---

4. *See infra* secs. IV.D.2, 3.

## 2. Subjective Complaints of Pain

 Plaintiff also alleged "severe disabling pain, weakness, numbness, swelling, fatigue, and stiffness to the extent that she cannot engage in any work activities." ALJ Decision at 4. Generally, a plaintiff's subjective testimony of pain must be considered. *Parfait v. Bowen,* 803 F.2d 810, 813 (5th Cir.1986); *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir.1981). The Social Security Act requires, however, that a plaintiff's statements concerning pain be corroborated by objective medical evidence of an impairment which could reasonably be expected to produce the pain or other symptoms alleged. 42 U.S.C.A. § 423(d)(5)(A); 20 C.F.R. § 404.1529; *Anthony v. Sullivan,* 954 F.2d 289, 295 (5th Cir.1992); *Hollis v. Bowen,* 837 F.2d 1378, 1384 (5th Cir.1988).

 Once such an impairment is established, the ALJ must inquire into the *intensity* and the *persistence* of the symptoms and the effect on the capacity to work. While pain can be a disabling condition, *Cook v. Heckler,* 750 F.2d 391, 395 (5th Cir.1985), all pain is not disabling. *Carry v. Heckler,* 750 F.2d 479, 485 (5th Cir.1985). In this circuit, pain, in and of itself, can be a disabling condition under the Act only when it is constant, unremitting, and wholly unresponsive to therapeutic treatment. *Falco v. Shalala,* 27 F.3d 160, 163 (5th Cir.1994); *Harrell v. Bowen,* 862 F.2d 471, 480 (5th Cir.1988). The fact that a plaintiff cannot work without some pain or discomfort will not render him or her disabled. *Barajas v. Heckler,* 738 F.2d 641, 644 (5th Cir.1984).

 The task of determining whether pain is disabling falls, in the first instance, within the discretion of the ALJ whose decision on severity is entitled to considerable deference. A plaintiff's allegations of pain must be evaluated against the other evidence in the record. *Laffoon v. Califano,* 558 F.2d 253, 255 (5th Cir.1977). An absence of objective factors indicating the existence of severe pain—such as limitations in the range of motion, muscular atrophy, weight loss, or impairment of general nutrition—can itself justify the ALJ's conclusion. *Hollis v. Bowen,* 837 F.2d 1378, 1385 (5th Cir.1988). A resolution of conflicts between the subjective evidence and the medical evidence should depend upon the ALJ's evaluation of the credibility of the claimant's complaints of pain. *Id.*

## 3. Substantial Evidence Supports the Commissioner's Decision at the Fourth Step

 As part of the inquiry into the intensity of claimant's pain and whether it rises to the level of disability, the ALJ may consider the medical records and evidence of daily activities in addition to plaintiff's subjective allegations. Daily activity evidence is an important component of the evidence when considered along with the medical evidence in making determinations regarding allegations of pain. *Griego v. Sullivan,* 940 F.2d 942, 945 (5th Cir.1991) (exclusive reliance on daily activities may be inappropriate); *Reyes v. Sullivan,* 915 F.2d 151, 155 (5th Cir.1990) ("[Claimant's] testimony about his limitations and his daily activities were quite relevant in evaluating his credibility").

The ALJ examined the medical records and determined that none of the medical evidence proffered was indicative of a condition so severe as to be likely to produce pain matching the intensity of which plaintiff complained. For example, as noted in the ALJ's report, plaintiff's family physician found no motor, sensory, or reflexive abnormality. ALJ's Decision at 3. The ALJ further concluded that "[m]edication and therapy have been effective in alleviating some of claimant's symptoms, and the record does not show significant side effects from her medication regimen." ALJ's Decision at 5. He then proceeded to scrutinize plaintiff's daily activities. He found she, according to her own testimony, could perform various physical or manual activities consistent with light work. For example, the ALJ found plaintiff could dress herself, including buttoning a blouse and putting on earrings; complete personal hygiene activities involving manual dexterity such as brushing teeth and hair; cook several meals daily; wash dishes by hand; do the laundry, including folding; tend to the house, including dusting, mopping, and making beds; drive; do the grocery shopping, and unload multiple bags from the car

simultaneously; and sit for church services lasting on average 2½ hours.[5] Compared to analogous Fifth Circuit precedents, the ALJ's findings regarding plaintiff's extensive activities are more than adequate to support his decision that plaintiff's pain does not reach the level of a disability. *Compare Falco v. Shalala*, 27 F.3d 160 (5th Cir.1994) (affirming ALJ determination that plaintiff's undoubted pain did not rise to the level of a disability and that plaintiff possessed residual functional capacity for job classification of sedentary when evidence of daily activities showed he could sit for long periods of time while watching television or dining with friends); *Anthony v. Sullivan*, 954 F.2d 289 (5th Cir.1992) (evidence that plaintiff could visit family and friends, attend church, dress and bathe herself, prepare her own lunch, and drive an automobile once or twice a week sufficient to support finding of no disability); *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir.1987) (evidence that claimant walked a half block for exercise, attended church, and drove his car 20 to 30 miles per week sufficient evidence to support finding that plaintiff possessed residual functional capacity for light work and that pain therefore was not nondisabling); *Tamez v. Sullivan*, 888 F.2d 334 (plaintiff possessed residual functional capacity for light work when daily activities showed plaintiff could drive, pick up around the house, sweep, do yard work, make occasional car repairs, and do dishes).

Moreover, the ALJ determined that "there are no diagnostic or other tests showing claimant has a cardiovascular or respiratory impairment that would prevent [her] from performing the prolonged standing or walking or the lifting of up to 20 pounds required of light work activity." ALJ's Decision at 5. Nor was there any medical or other evidence impugning plaintiff's ability to function independently, concentrate, or otherwise perform in a work environment. *Id.*

The ALJ's findings regarding plaintiff's daily activities, coupled with the lack of any medical evidence to contraindicate light work, support his finding that plaintiff is not disabled and possesses residual functional capacity for performing at least light work.

For these reasons, there exists substantial evidence to support the ALJ's determination that plaintiff did not meet her burden on the fourth prong of the sequential evaluation process and his ultimate conclusion plaintiff is not disabled.

## V. Recommendation

The decision of the Commissioner should be affirmed.

## VI. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

 Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district judge of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988).

Jan. 9, 1996

---

**5.** Plaintiff surmised that her former position required only two hours of sitting per day. Moreover, plaintiff admits her impairments never caused her to miss a single day of work.