IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-10098
Summary Calendar

———————————

SUSIE PEREZ,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

——————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-107

——————————————————————————————
August 29, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Susie Perez appeals the district court's judgment affirming the Social Security

Commissioner's denial of her application for supplemental security income. She

maintains that the Administrative Law Judge erred in: (1) failing to classify her as

disabled under 20 C.F.R. 404, Subpt. P, App. 1, § 12.05(C); (2) failing to give

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

proper weight to her treating physician's opinion; and (3) rejecting her treating physician's opinion without first considering the factors set forth in 20 C.F.R. § 404.1527(d)(2).

Perez did not object to the magistrate judge's report and recommendation concluding that the ALJ properly found that Perez could perform substantial gainful activity and that the ALJ's decision was supported by substantial evidence. Accordingly, her appeal of the district court's decision adopting the magistrate judge's findings and conclusions is reviewed for plain error.[1]

The district court did not plainly err in affirming the ALJ's determination that Perez's impairment was not listed in, or equivalent to an impairment listed in, Appendix 1 of the Social Security regulations. The record reflects that none of Perez's IQ scores was within the mental retardation impairment range set forth in 20 C.F.R. 404, Subpt. P, App. 1, § 12.05(C). Accordingly, that disability listing is not applicable herein.[2]

In addition, the district court did not plainly err in determining that the ALJ adequately weighed the opinion of Perez's treating physician. Inasmuch as the treating physician's opinion is not consistent with substantial medical and other evidence in the record, the ALJ was not required to give it controlling weight.[3]

---

[1]Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); Parfait v. Bowen, 803 F.2d 810, 813 (5th Cir. 1986).

[2]Selders v. Sullivan, 914 F.2d 614, 619 (5th Cir. 1990).

[3]Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000).

Finally, Perez's argument that the ALJ failed to consider the factors set forth in 20 C.F.R. § 404.1527(d)(2) is raised for the first time in this appeal. As no exceptional circumstances have been identified, and Perez had an opportunity to raise the issue in the district court, we will not consider the 20 C.F.R. § 404.1527(d)(2) issue.[4]

The judgment appealed is AFFIRMED.

---

[4]<u>Kinash v. Callahan</u>, 129 F.3d 736, 739 n.10 (5th Cir. 1997).