UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30363

_____


Frank M. GARY,

Plaintiff-Appellant,

v.

Jo Anne B. BARNHART,
Commissioner of Social Security Administration,

Defendant-Appellee.


_____

Appeal from the United States District Court
For the Western District of Louisiana
(99-CV-107)
_____
April 3, 2002


Before ALDISERT[*], DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[**]

Plaintiff Frank M. Gary appeals from the Social Security Administration's ("the Administration's") decision denying him disability benefits under the Social Security Act ("the Act").

Gary claims that he became disabled on October 30, 1993,

_____

[*] Circuit Judge of the Third Circuit, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when he injured his back in an accident at work. On March 7, 1995, Gary underwent surgery on his back in an attempt to alleviate some of the pain that it was causing him.

After a hearing on the matter, an administrative law judge ("ALJ") denied Gary benefits. The district court affirmed the Administration's denial of benefits.

This court reviews the Administration's denial of social security disability benefits to determine whether the ALJ applied the proper legal standards and whether the decision "is supported by substantial evidence on the record as a whole." Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). First, we conclude that Gary's claim that there was not substantial evidence to support the ALJ's finding that Gary was not disabled before his March 7, 1995, surgery is meritless. Several of the doctors who examined Gary during this time concluded that he was not disabled.

The only issue that Gary raises that merits discussion is whether there was substantial evidence to support the ALJ's finding that Gary was not disabled after his March 7, 1995, surgery. Dr. Cobb was the only doctor to examine Gary during this time. Gary argues that Dr. Cobb's reports dated March 7, 1995, and March 12, 1996, establish a one-year period of disability required under the Act. On March 7, 1995, Dr. Cobb noted that the surgery was successfully completed and that Gary

remained hospitalized.  In his March 12, 1996, report, Dr. Cobb described Gary as having "severe limitation of functional capacity" and being "incapable of minimal activity."

However, other reports by Dr. Cobb were more optimistic. For example, on April 17, 1995, Dr. Cobb reported that Gary was fairly active, had no leg pain, and could begin to discontinue use of the brace.  On August 30, and September 25, 1995, Dr. Cobb found that Gary was "doing well with his back."   Furthermore, Dr. Cobb noted on March 6, 1996, that Gary was healing nicely, that any back pain was probably the result of deconditioning, and that his fusion was almost solid.  Moreover, at a hearing before the ALJ, Gary testified that during the relevant time period, he could walk one mile, lived alone, drove a car two to three times per week, washed dishes, did laundry, cooked, and occasionally shopped and visited friends.  Based on Dr. Cobb's somewhat equivocal statements over the span of Gary's recovery and Gary's description of his own life activities, we conclude that there was substantial evidence to support the ALJ's finding that Gary was not disabled after his surgery.  See Tamez v. Sullivan, 888 F.2d 334, 336 (5th Cir. 1989); Milam v. Bowen, 782 F.2d 1284, 1287-88 (5th Cir. 1986).  Therefore, we affirm the district court's order of May 30, 2000, upholding the denial of benefits.

AFFIRMED.